IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ANTHONY C. STARK, Register No. 155115, )
)
              Plaintiff, )
)
           v. )    No. 06-4277-CV-C-NKL
)
DEPUTY SIMMS, et al., )
)
             Defendants. )

## REPORT, RECOMMENDATION AND ORDER

    Plaintiff Anthony Stark was granted leave to proceed in forma pauperis on his claims that officers in Camden County, Missouri, used excessive force when they arrested him, and then failed to provide him with needed medical care following the incident.[1] The current defendants are Deputy Sheriff Bart Simms and three other John Doe deputies.

    On December 3, 2007, defendant Simms filed a motion for summary judgment on the basis that he was not working on the day plaintiff was arrested and was not involved in the incident giving rise to this lawsuit. Plaintiff did not respond in opposition to the motion, but did file a motion for leave to amend his complaint naming the appropriate parties.

    Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323.

Here, plaintiff concedes he named the wrong party and seeks leave to correct the mistake. He requests that Charles A. Manes and Todd Bitchell be substituted for the John Doe defendants, and that Shawn P. Gerdiman be named in place of defendant Simms.

Accordingly, it is

ORDERED that plaintiff's motion of January 3, 2008, to amend his complaint is granted. Charles A. Manes and Todd Bitchell are substituted for the John Doe defendants, and Shawn P. Gerdiman is added as a defendant. It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915, on his claims against defendants Manes, Bitchell and Gerdiman. It is further

ORDERED that the United States Marshal attempt service of process on these defendants at 1 Court Circle, Suite 13, Camdenton, MO 65020, in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2). It is further

ORDERED that defendants answer or otherwise respond, pursuant to Rules 4 and 12, Federal Rules of Civil Procedure, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that defendant Bart Simms' motion of December 3, 2007, for summary judgment be granted and all claims against defendant Simms be dismissed. [25]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 5th day of March, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge