IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANTHONY C. STARK, Register No. 155115, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4277-CV-C-NKL |
| ) | |
| CHARLES A. MAINES, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

     Plaintiff Anthony C. Stark, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

     A telephone conference was scheduled with plaintiff and defense counsel for May 21, 2009, to discuss defendants' motion for sanctions for plaintiff's failure to comply with the court order of March 19, 2009. Plaintiff failed to appear for the conference, despite specific notice from his caseworker that morning. Plaintiff's caseworker advised the court that plaintiff did not miss the conference because he was locked down, but rather, he was "walking on the trail" at the time of the conference. Plaintiff's caseworker advised she gave plaintiff specific direction to be in her office at three o'clock for the telephone conference.

     The court may dismiss a complaint, with prejudice, as a sanction against a plaintiff who willfully disregards court orders. Omaha Indian Tribe v. Tract I-Blackbird Bend Area, 933 F.2d 1462, 1468 (8th Cir. 1991); Aziz v. Wright, 34 F.3d 587 (8th Cir. 1994); Fed. R. Civ. P. 41(b). The term "willfully" refers to "a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance." Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971). Evidence of willful noncompliance may include a pattern of disobeying court orders or disobeying an order after being warned that failure to comply may result in dismissal.

---

     [1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Omaha Indian Tribe, 933 F.2d at 1469. Dismissal, however, is an extreme sanction that should be used sparingly. Id. at 1468. Before dismissing a complaint for failure to comply with court orders, the court must balance the "'policy of giving the plaintiff [his] day in court against the policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures.'" Id. (citations omitted).

In the instant case, as specifically set forth in the record, plaintiff has continually failed to comply with court orders, failed to participate in good faith discovery, and delayed the processing of this case, including failure to timely respond to defendants' motions for summary judgment. Upon review, this court finds sanction to be proper. In order to prevent defendants from again being subject to the same abuse of process by plaintiff, the sanction of dismissal of plaintiff's claims, with prejudice, is necessary.

IT IS, THEREFORE, RECOMMENDED that defendants' motion for sanctions be granted and plaintiff's claims be dismissed, with prejudice. [82] It is further

RECOMMENDED that defendants' motions for summary judgment be denied as moot. [66, 69, 73]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 10th day of June, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge