IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANTHONY C. STARK, Register No. 155115, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4277-CV-C-NKL |
| ) | |
| CHARLES A. MAINES, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On June 10, 2009, United States Magistrate Judge William A. Knox recommended that plaintiff's claims be dismissed as a sanction for his failure to comply with court orders and discovery, and that defendants' motions for summary judgment be denied as moot. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record[1], including the exceptions filed by plaintiff on July 7, 2009, and the corresponding telephone conference held on August 24, 2009. At the August 24 telephone conference, it was determined that plaintiff likely did not intentionally fail to appear at the telephone conference on May 21, 2009. Nevertheless, plaintiff conceded he has yet to file a response to defendants' January 2 and 5, 2009 motions for summary judgment and defendants have not received plaintiff's medical release authorization that he was ordered to provide on several occasions.

Defendants have filed motions for summary judgment, but are unable to submit relevant medical records to support their motions because of plaintiff's failure to provide necessary medical authorizations as ordered by the court. Plaintiff's medical records are critical to the validity of his claims alleging excessive use of force by defendants in violation of his constitutional rights. Plaintiff claims he was beaten by defendants and bitten by a police dog

---

[1]Court proceedings, if any, are recorded by electronic recording equipment and the tapes are available for review by the court and counsel.

when apprehended. It is undisputed that he tried to escape, ran through the woods and fell off a forty foot cliff prior to being apprehended. He received medical care immediately and those records will shed significant light on what injuries he received, how they were incurred and whether any dog bite was evident. Without plaintiff's medical records, defendants are unable to challenge plaintiff's allegations that are supported only by his own testimony, and categorically refuted by all other available evidence. Plaintiff relies on his allegations in his complaint, as stated by him at the August 24, 2009 conference, and acknowledges not filing any response to defendants' summary judgment motions. Although plaintiff's complaint can be treated by the court as a verified affidavit, he holds responsibility to show there are genuine issues of material fact that preclude the entry of summary judgment. The court is not required to sift through the record. A failure of a party to oppose a basis for summary judgment constitutes a waiver of that argument. Satcher v. University of Arkansas at Pine Bluff Bd. of Trustees, 558 F.3d 731, 734 (8th Cir. 2009). Here, plaintiff not only fails to oppose defendants' basis for summary judgment, he also has failed to comply with court orders and provide critical discovery needed to determine whether issues of material fact exist.

As set forth in the Report and Recommendation, plaintiff has continually failed to comply with court orders, failed to participate in good faith discovery, and delayed the processing of this case, including failure to timely respond to defendants' motions for summary judgment. Upon review, the recommendation of dismissal of plaintiff's claims as a sanction is found to be proper, but will be without prejudice.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that defendants' motion for sanctions is granted and plaintiff's claims are dismissed, without prejudice. [82, 85] It is further

ORDERED that defendants' motions for summary judgment are denied as moot. [66, 69, 73].

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: September 15, 2009
Jefferson City, Missouri